**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Criminal Nos. 2005-76; 2006-80** |
| **VERNON FAGAN** | ) | |
| **Defendant.** | ) | |

**ATTORNEYS:**

**Gretchen C.F. Shappert, United States Attorney**
**Delia L. Smith**
United States Attorney's Office
St. Thomas, U.S.V.I.
*For the United States of America,*

**Vernon Fagan**
Jesup, GA
*Pro se.*

**ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation recommending that the Court deny Vernon Fagan's 28 U.S.C. § 2255 petition.

In Criminal Case Number 2006-80, Vernan Fagan ("Fagan") was convicted of conspiracy to possess with intent to distribute a controlled substance. On October 18, 2010, the Court sentenced Fagan to 168 months imprisonment and five years supervised release on that conviction. Among the conditions of Fagan's

supervised release were that he "shall not commit another federal, state or local crime" and that he "shall not associate with any persons engaged in criminal activity." *See* Crim. No. 6-80, ECF No. 1259 at 3.

In Criminal Case Number 2005-76, Fagan was convicted of a one count of conspiracy to possess with intent to distribute a controlled substance and one count of conspiracy to import with intent to distribute a controlled substance. On August 1, 2012, the Court sentenced Fagan to 80 months imprisonment and four years supervised release on those convictions. Among the conditions of Fagan's supervised release were that he "shall not commit another federal, state or local crime" and that he "shall not associate with any persons engaged in criminal activity." *See* Crim. No. 5-76, ECF No. 1034 at 3.

Fagan served his terms of imprisonment and was released. On June 30, 2016, while he was still on supervised release, Fagan attempted to collect money for Nilda Morton ("Morton") that was owed to her by Alexci Emanuel ("Emanuel") for drugs Morton had provided him.

On August 10, 2017, the Court held a revocation hearing. After hearing evidence, the Court found that Fagan had used a communications facility to facilitate a drug felony with Morton in violation of 21 U.S.C. § 843, thereby violating two

conditions of his supervised release: that he shall not commit another federal, state, or local crime--a Grade A violation--and that he shall not associate with any person engaged in criminal activity--a Grade C violation. The Court sentenced Fagan to 33 months imprisonment and 27 months supervised release in both Criminal Case Number 2005-76 and Criminal Case Number 2006-80, to run concurrently with each other.

Fagan did not appeal his revocation judgement. On May 10, 2017, Fagan filed a petition to vacate his sentences in Criminal Case Numbers 5-76 and 6-80 pursuant to 28 U.S.C. § 2255 (the "Section 2255 Petition"). Fagan argues that (1) the Court erred in finding that his commission of a crime was a Grade A violation; and (2) the revocation proceedings violated his due process rights and his right to confront adverse witnesses.

On April 11, 2019, the Magistrate Judge issued a Report and Recommendation recommending that the Court deny Fagan's 2255 Petition. The Magistrate Judge found that Fagan had procedurally defaulted on his claims because those "claims should have been raised on direct appeal" and Fagan "has alleged neither cause nor prejudice excusing his failure to do so." *See* Crim. No. 5-76, ECF No. 1150 at 5-6; Crim. No. 6-80, ECF No. 1153 at 5-6.

"Because collateral review under § 2255 is not a substitute for direct review, a movant ordinarily may only raise claims in

a 2255 motion that he raised on direct review. Put differently, a movant has procedurally defaulted all claims that he neglected to raise on direct appeal." *Hodge v. United States*, 554 F.3d 372, 378–79 (3d Cir. 2009) (citations omitted). Here, Fagan failed to seek direct review of his revocation judgment, and as such, is claims are procedurally defaulted. See, e.g., White v. United States, 986 F.2d 1423 (6th Cir. Feb. 12, 1993) (holding that defendant "waived his right to challenge the revocation of his probation [through a Section 2255 petition] by not bringing a direct appeal therefrom").

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either "cause" and actual "prejudice" or that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted) (quoting *Murray v. Carrier,* 477 U.S. 478, 485, 496 (1986). Fagan asserts that he did not appeal his revocation judgment because "[s]upervised release is better suited on 2255, and [he] did not know revocation was appealable." *See* Crim. No. 5-76, ECF No. 1142 at 4. The Court is aware of no reason that makes supervised revocation proceedings ill suited for direct review. *Cf., e.g.*, *United States v. Lloyd*, 566 F.3d 341, 343 (3d Cir. 2009) (reviewing revocation

proceedings on direct appeal). Further, this Court specifically informed Fagan during his sentencing that his revocation judgment was appealable. *See* Crim. No. 6-80, ECF No. 1152 at 85:22-86:3 ("Vernon Fagan, you've been sentenced on your supervised release revocation. It's important that you're aware that you have 14 days to appeal your sentence. You may do so through your attorney. If for some reason you're unable to do that through your attorney, you may contact the Clerk's Office and an appeal will be noted for you.").

Upon a de novo review of the record, the Court agrees with the Magistrate Judge's Report and Recommendation.

The premises considered, it is hereby

**ORDERED** that the Report and Recommendation docketed in Criminal Case Number 2006-80 at ECF Number 1553 and in Criminal Case Number 2005-76 at ECF Number 1150 is **ADOPTED**; it is further

**ORDERED** that Vernan Fagan's Section 2255 Petition docketed in Criminal Case Number 2006-80 at ECF Number 1542 and in Criminal Case Number 2005-76 at ECF Number 1142 is **DENIED**; it is further

**ORDERED** that a certificate of appealability will not be issued; and it is further

**ORDERED** that Vernan Fagan's motion for an extension of time to respond docketed in Criminal Case Number 2005-76 at ECF Number 1150 is **MOOT.**

**S_______________________**
**Curtis V. Gómez**
**District Judge**